IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JOE H. WEATHERS, JR., | : |
| Plaintiff, | : |
| vs. | : CASE NO. 4:12-CV-160-CDL-MSH |
| | : 42 U.S.C. § 1983 |
| MUSCOGEE COUNTY JAIL, *et al.*, | : |
| Defendants. | : |
| _____ | : |

## ORDER TO SUPPLEMENT

Plaintiff JOE H. WEATHERS, JR., an inmate at the Lower Savannah Pre-Release Center, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No.1). On July 3, 2012, United States Magistrate Judge Janet King of the Northern District of Georgia transferred Plaintiff's complaint to this Court because the events allegedly occurred, and the two Defendant officers presumably reside, in the Middle District of Georgia (ECF No. 3). In his complaint, which is dated May 6, 2012, Plaintiff alleges that he was subjected to an incident of excessive force on May 30, 2010, while Plaintiff was sitting in the booking area of the Muscogee County Jail ("MCJ"), his former place of confinement. Plaintiff names as Defendants the MCJ itself and two John Doe MCJ correctional officers.

The MCJ is not a suable entity. *Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) ("County Jail is not an entity capable of being sued under Georgia law."). Moreover, as a general rule, "fictitious party practice is not permitted in

federal court." *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir.1997). At a minimum, a plaintiff must identify a defendant sufficiently to allow the court to serve the complaint on him. *See Moulds v. Bullard*, 345 F. App'x 387 (11th Cir. Aug. 17, 2009) (unpublished); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir.1992).

Assuming that the May 30, 2010 date of the incident stated by Plaintiff is correct, the two-year statute of limitations applicable to section 1983 actions filed in Georgia expired approximately three weeks after Plaintiff filed his complaint. *See Williams v. City of Atlanta*, 794 F.2d 624 (.11th Cir. 1986); O.C.G.A. § 9-3-33. Because the statute has now expired, it is generally too late for Plaintiff to name, or otherwise identify, the Doe correctional officers: Any such identification would not relate back to the filing of Plaintiff's complaint under Federal Rule of Civil Procedure 15(c) or O.C.G.A. § 9-11-15(c), unless the Defendants have notice of this lawsuit. *See Presnell v. Paulding Cnty., Ga.*, 454 F. App'x 763, 767-68 (11th Cir. Dec. 13, 2011) (unpublished); *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir.1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir.2003). If Plaintiff had filed this action well before expiration of the statute of limitations, he might have been able timely to identify the Doe defendants through discovery. Plaintiff is thus responsible for his inability to identify these Defendants. *Wayne*, 197 F.3d at 1104.

Prior to dismissing this lawsuit, the Court will afford Plaintiff the opportunity to state whether the Doe Defendants were placed on notice of this lawsuit. Plaintiff should also state in detail any reasons why he delayed in filing his complaint. Although the Court cannot extend the statute of limitations, under very limited circumstances, the

running of the statute may be tolled, thus resulting in the complaint being timely filed. *See* O.C.G.A. §§ 9-3-90 to -99.

Plaintiff shall have twenty-one (21) days from the date of this Order to submit a supplement to his complaint in accordance with the above. If Plaintiff fails to timely and fully comply with this Order, this action shall be dismissed. There shall be no service of process until further order of the Court.

SO ORDERED, this 9th day of July, 2012.

S/Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE

3